Juliette P. White, UT #9616
Ruth Hackford-Peer, UT #15049
**PARSONS BEHLE & LATIMER**
201 South Main Street, Suite 1800
Salt Lake City, Utah 84111
Telephone:  801.532.1234
Facsimile:  801.536.6111
JWhite@parsonsbehle.com
RHackford-Peer@parsonsbehle.com
ecf@parsonsbehle.com

*Attorneys for Flowers Today, Inc. dba Blooms Today*

---

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| XMISSION, L.C., a Utah limited liability company, | **ANSWER** |
| Plaintiff, | Case No. 2:15cv00590 JNP |
| vs. | Judge Jill N. Parrish |
| FLEX MARKETING GROUP, LLC, a New York limited liability company; FLOWERS TODAY, INC. (DBA BLOOMS TODAY), a Virginia corporation; DOES 1-40, | Magistrate Judge Paul Warner |
| Defendants. | |

Defendant FLOWERS TODAY, INC. dba BLOOMS TODAY ("Blooms Today") hereby answers XMISSION, L.C.'s Complaint as follows.

### PARTIES, JURISDICTION AND VENUE

1.      Plaintiff XMission is a Utah limited liability company with its principal place of business in Salt Lake City, Utah, and at all relevant times hereto was duly registered and licensed to do business in the State of Utah.

**ANSWER:  Blooms Today denies the allegations of paragraph 1 for lack of knowledge or information sufficient to form a belief as to the truth or falsity thereof.**

2.     Defendant Flex Marketing Group, LLC (hereinafter "Flex") is a New York limited liability company.

**ANSWER:  Blooms Today denies the allegations of paragraph 2 for lack of knowledge or information sufficient to form a belief as to the truth or falsity thereof.**

3.     Defendant Flowers Today, Inc., dba Blooms Today (hereinafter "Blooms"), is a Virginia corporation.

**ANSWER:  Blooms Today admits the allegations of paragraph 3.**

4.     On information and belief DOES 1-40 are individuals and companies doing business in association with the above named-defendants, either as shareholders, officers, members, affiliates and/or publishers, some or all or all of whom are alter egos of the named Defendant.

**ANSWER:  Blooms Today denies the allegations of paragraph 4 for lack of knowledge or information sufficient to form a belief as to the truth or falsity thereof.**

<u>**JURISDICTION AND VENUE**</u>

5.     This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 (federal question), for violations of the 15 U.S.C: § 7701 et seq. ("CAN-SPAM Act of 2003" or the "Act"), and pursuant to 15 U.S.C. § 7706(g)(1) (original jurisdiction) for cases involving a civil action by an internet access service adversely affected by a violation of 15 U.S.C. §7704(a)(l), 15 U.S.C. § 7704(b), or 15 U.S.C. § 7704(d), or a pattern and practice that violates subparagraphs (2), (3), (4), and/or (5) of 15 U.S.C. § 7704(a).

4822-9201-3096.v2

**ANSWER: Blooms Today admits that this Court has subject matter jurisdiction, and otherwise denies the remaining allegations of paragraph 5.**

6.     This Court has personal jurisdiction over the Defendants because the Defendants, and each of them, are residents of the state of Utah, are businesses organized and existing under the laws of the state of Utah, and/or because Defendants have purposefully availed themselves of the privileges of conducting commercial activity in the forum state, in part, through the sending of thousands of commercial e-mails into the state. The exercise of jurisdiction is reasonable since Defendants know or should have known that they would be subject to the jurisdiction and laws of the forum state when they sent, or caused the commercial e-mails to be sent to customers of an e-mail service provider located in Utah.

**ANSWER: Blooms Today admits that this Court has personal jurisdiction over it, and otherwise denies the remaining allegations of paragraph 6.**

7.     Venue is proper pursuant to 18 U.S.C. § 1391, as a substantial part of the unlawful actions by the Defendants, and each of them, occurred in this judicial district.

**ANSWER: Blooms Today admits that venue is proper in this district, and otherwise denies the remaining allegations of paragraph 7.**

## GENERAL ALLEGATIONS

8.     XMission was founded in 1993 as Utah's first Internet Service Provider ("ISP").

**ANSWER: Blooms Today denies the allegations of paragraph 8 for lack of knowledge or information sufficient to form a belief as to the truth or falsity thereof.**

9.     From its early days as a private, Utah ISP, to its current role as a global business Internet provider, XMission has expanded its technical offerings to include sophisticated cloud

hosting, web hosting, e-mail service and hosting, collaboration tools, business VoIP phone service, and high speed internet connectivity solutions including optical Ethernet, copper and fiber.

**ANSWER: Blooms Today denies the allegations of paragraph 9 for lack of knowledge or information sufficient to form a belief as to the truth or falsity thereof.**

10.     Throughout its history, XMission has also worked with hundreds of Utah's nonprofit organizations by providing free web hosting services, and by sponsoring a variety of community-based events and facilities.

**ANSWER: Blooms Today denies the allegations of paragraph 10 for lack of knowledge or information sufficient to form a belief as to the truth or falsity thereof.**

11.     XMission is a widely known and well-recognized ISP in Utah.

**ANSWER: Blooms Today denies the allegations of paragraph 11 for lack of knowledge or information sufficient to form a belief as to the truth or falsity thereof.**

12.     XMission owns all the servers, routers, and switches on its network through which it hosts and provides its Internet access services for its customers.

**ANSWER: Blooms Today denies the allegations of paragraph 12 for lack of knowledge or information sufficient to form a belief as to the truth or falsity thereof.**

13.     XMission has an expansive network and infrastructure, which it has had to consistently update, upgrade and augment in order to combat ongoing SPAM problems.

**ANSWER: Blooms Today denies the allegations of paragraph 13 for lack of knowledge or information sufficient to form a belief as to the truth or falsity thereof.**

4822-9201-3096.v2

14. XMission is the sole owner of all its hardware, and has complete and uninhibited access to, and sole physical control over, the hardware.

**ANSWER: Blooms Today denies the allegations of paragraph 14 for lack of knowledge or information sufficient to form a belief as to the truth or falsity thereof.**

15. As a legitimate and leading ISP, XMission is a bona fide Internet Access Service ("IAS") as that term defined under 15 U.S.C. § 7702(11) and 47 U.S.C. § 231(e)(4).

**ANSWER: Blooms Today denies the allegations of paragraph 15 for lack of knowledge or information sufficient to form a belief as to the truth or falsity thereof.**

16. XMission provides Internet access services to both commercial and residential customers.

**ANSWER: Blooms Today denies the allegations of paragraph 16 for lack of knowledge or information sufficient to form a belief as to the truth or falsity thereof.**

17. The e-mail accounts hosted and served by XMission include e-mail accounts owned by third-party customers of XMission, e-mail accounts owned by employees and/or customers of XMission's third-party customers, e-mail account owned by employees of XMission, and also e-mail accounts owned by XMission itself.

**ANSWER: Blooms Today denies the allegations of paragraph 17 for lack of knowledge or information sufficient to form a belief as to the truth or falsity thereof.**

18. For purpose of this Complaint, SPAM is defined as commercial electronic mail messages (e-mail).

**ANSWER: Blooms Today acknowledges that Plaintiff can adopt its own definition of the term "SPAM" for purposes of its complaint, but denies that the definition offered by**

5

**Plaintiff is accurate, appropriate, or relevant. Blooms Today otherwise denies the remaining allegations of paragraph 18.**

19.     From early January, 2015 through around August 16, 2015, XMission received many SPAM e-mails, sent and/or initiated by the Defendants collectively, which independently and collectively adversely affected XMission, and which independently and collectively contributed to an overall SPAM problem.

**ANSWER: Blooms Today denies the allegations of paragraph 19 for lack of knowledge or information sufficient to form a belief as to the truth or falsity thereof.**

20.     On information and belief, none of the owners of the e-mail addresses gave their affirmative consent, as it is defined in 15 U.S.C. § 7702(1) to receive commercial e-mails from the Defendants and/or about the Defendants' products, services, or websites.

**ANSWER: Blooms Today denies the allegations of paragraph 20 for lack of knowledge or information sufficient to form a belief as to the truth or falsity thereof.**

21.     On information and belief, Flex is the "Initiator" of the e-mail messages as it either transmitted or procured the transmission of the e-mails in question as such term is defined in 15 U.S.C. § 7702 and 7706(g)(2).

**ANSWER: Blooms Today denies the allegations of paragraph 21 for lack of knowledge or information sufficient to form a belief as to the truth or falsity thereof.**

22.     Flex directly transmitted, or caused the transmission of, at least 77,936 SPAM e-mails at issue in this Complaint during the time period in question.

**ANSWER: Blooms Today denies the allegations of paragraph 22 for lack of knowledge or information sufficient to form a belief as to the truth or falsity thereof.**

4822-9201-3096.v2

23.     On information and belief, Blooms is the "Sender" of at least 21,353 e-mails at issue in this Complaint as its product, service, and/or website is advertised in the e-mail messages, and as it either transmitted or procured the transmission of the e-mails in question as such term is defined in 15 U.S.C. § 7702(12) and 7706(g)(2).

**ANSWER:  Blooms Today denies the allegations of paragraph 23.**

24.     Blooms communicated to XMission that Flex is the source of the vast majority of the Blooms e-mails.

**ANSWER:  Blooms Today admits that it told XMission that an unauthorized, rogue affiliate of Flex Marketing Group, LLC, may have been the source of some of the emails about which XMission complains.  Blooms Today otherwise denies the remaining allegations of paragraph 24.**

25.     Therefore, through Flex, Blooms transmitted, or caused the transmission of the vast majority of the Blooms SPAM e-mails at issue in this Complaint during the time period in question.

**ANSWER:  Blooms Today denies the allegations of paragraph 25.**

26.     On information and belief, various of the DOES 1-40, are "Senders" or "Initiators" of the remaining e-mails collectively, as each of them, in some way, benefitted from the advertising in the messages and/or initiated or procured the e-mails in question, and who have initiated or sent the e-mails with the knowledge and/or active participation of Defendant.

**ANSWER:   Blooms Today denies the allegations of paragraph 26 for lack of knowledge or information sufficient to form a belief as to the truth or falsity thereof.**

4822-9201-3096.v2

27.     The Blooms e-mails were part of a larger campaign of e-mails targeted at XMission in Utah and initiated by Flex at the direction of "Senders" such as Blooms and other Does.

**ANSWER:   Blooms Today denies the allegations of paragraph 27 for lack of knowledge or information sufficient to form a belief as to the truth or falsity thereof.**

28.     Each of the e-mails is a commercial message and contains commercial content.

**ANSWER:   Blooms Today admits that some of the e-mails at issue may be commercial messages containing commercial content.  Blooms Today denies the remaining allegations of paragraph 28 for lack of knowledge or information sufficient to form a belief as to the truth or falsity thereof.**

29.     The e-mails, and each of them, were received by XMission on its mail servers located in Utah.

**ANSWER:   Blooms Today denies the allegations of paragraph 29 for lack of knowledge or information sufficient to form a belief as to the truth or falsity thereof.**

30.     Throughout its business, XMission has expended well in excess of $3,000,000 in hardware acquisition, maintenance and related expenses to increase capacity to deal with increased SPAM and related harm, SPAM filtering expenses, and employee time in dealing with problems caused by its receipt of SPAM generally.

**ANSWER:   Blooms Today denies the allegations of paragraph 30 for lack of knowledge or information sufficient to form a belief as to the truth or falsity thereof.**

31.     XMission expends approximately $ 100,000 to $200,000 per year in dealing with SPAM related issues and associated employee time, exclusive of attorney fees.

**ANSWER: Blooms Today denies the allegations of paragraph 31 for lack of knowledge or information sufficient to form a belief as to the truth or falsity thereof.**

32.　　The harm XMission continues to suffer, as the result of its collective SPAM problem, is much more significant than the mere annoyance of having to deal with SPAM or the process of dealing with SPAM in the ordinary course of business (i.e., installing a spam filter to flag and discard spam).

**ANSWER: Blooms Today denies the allegations of paragraph 32 for lack of knowledge or information sufficient to form a belief as to the truth or falsity thereof.**

33.　　The harm XMission has suffered, and continues to suffer, is manifested in financial expense and burden significant to an ISP, such as: lost employee time; lost profitability; the necessity to purchase and dedicate equipment specifically to process SPAM that could otherwise be dedicated providing internet access services; harm to reputation; and customer and e-mail recipient complaints, including 19,702 e-mails that XMission customers complained of by reporting the e-mails as SPAM.

**ANSWER: Blooms Today denies the allegations of paragraph 33 for lack of knowledge or information sufficient to form a belief as to the truth or falsity thereof.**

34.　　Each of the e-mails in question violates multiple CAN-SPAM provisions.

**ANSWER: Blooms Today denies the allegations of paragraph 34 for lack of knowledge or information sufficient to form a belief as to the truth or falsity thereof.**

35.　　The majority of the SPAM e-mails XMission receives, including the e-mails in question, violate the CAN-SPAM Act in one or more ways, and contributed to a larger SPAM problem.

9

**ANSWER: Blooms Today denies the allegations of paragraph 35 for lack of knowledge or information sufficient to form a belief as to the truth or falsity thereof.**

<u>**COUNTS AGAINST FLEX MARKETING GROUP**</u>

<u>COUNT 1 - CAN-SPAM ACT. 15 U.S.C. § 7704(AVN</u>

36.     Each of the previous paragraphs is realleged herein.

**ANSWER: To the extent a response is required, Blooms Today incorporates by reference its responses to the preceding allegations as if fully set forth therein.**

37.     The CAN-SPAM Act makes it unlawful to send e-mail messages that contain, or are accompanied by, materially false or materially misleading Header Information. 15 U.S.C. § 7704(a)(1).

**ANSWER: To the extent a response is required, Blooms Today admits that paragraph 37 restates portions of 15 U.S.C. §7704(a)(1), and otherwise denies the remaining allegations of paragraph 37.**

38.     Header information is materially false or misleading under Section 7704(a)(1) where it includes an invalid or unregistered sender domain. In other words, the sender domain identified in the e-mail header as the domain from which the e-mail was sent is not a domain name that legitimately exists, could not be used to transmit an e-mail, and is therefore inherently false.

**ANSWER: To the extent a response is required, Blooms Today denies the allegations and legal conclusions of paragraph 38.**

4822-9201-3096.v2

39.     Here, the header information in at least 56 e-mails contained sender domains that were spoofed (i.e., identifying an unrelated third party), or otherwise false or unregistered. Accordingly, these e-mails violate 15 U.S.C. § 7704(a)(1).

**ANSWER:   To the extent a response is required, Blooms Today denies the allegations of paragraph 39 for lack of knowledge or information sufficient to form a belief as to the truth or falsity thereof.**

40.     Header information is materially false or materially misleading under Section 7704(a)(1) where the "from" name is misleading in that it is designed to induce the recipient to open an e-mail under a false pretense. For example, E-mails containing "from" lines such as "Court Records Notice," "Predator Alert," "Credit-Score Updates," "Credit Alert," and "Sex Offender Alert," create the impression that a company with whom the recipient has an actual and ongoing transactional relationship is attempting to communicate with them regarding that relationship where no such relationship exists. In the alternative, the "from" lines use scare tactics to induce the recipient to open the e-mail under a false pretense.

**ANSWER:   To the extent a response is required, Blooms Today denies the allegations and legal conclusions of paragraph 40.**

41.     Here, the header information in at least 6,280 e-mails contained sender domains that were deceptive. Accordingly, these e-mails violate 15 U.S.C. § 7704(a)(1).

**ANSWER:   To the extent a response is required, Blooms Today denies the allegations of paragraph 41 for lack of knowledge or information sufficient to form a belief as to the truth or falsity thereof.**

11

42.     Header information is materially false or materially misleading under Section 7704(a)(1) where it includes an inaccurate transmission IP address. In other words, the transmitting party represented that the e-mail was being sent from a specific domain, when in fact, the IP address used to actually transmit the e-mail does not match the represented sender domain. Under these circumstances, the header information is false on its face because it contains false transmission information.

**ANSWER:   To the extent a response is required, Blooms Today denies the allegations and legal conclusions of paragraph 42.**

43.     Here, at least 14,241 e-mails contained e-mail headers with IP addresses that were false or misleading in that they did not match the identified sender domains. Accordingly, these e-mails violate 15 U.S.C. § 7704(a)(1).

**ANSWER:   To the extent a response is required, Blooms Today denies the allegations of paragraph 43 for lack of knowledge or information sufficient to form a belief as to the truth or falsity thereof.**

44.     Header information is materially false or materially misleading under Section 7704(a)(1) where it contains a generic "from" name and the e-mail is sent from a privacy-protected domain name, such that the recipient cannot identify the sender from the "from" name or the publicly available WHOIS information, or where the WHOIS information is false, inaccurate or misleading.

**ANSWER:   To the extent a response is required, Blooms Today denies the allegations and legal conclusions of paragraph 44.**

4822-9201-3096.v2

45.     Here, at least 10,112 e-mails contained a generic "from" name and originated from a privacy-protected domain. Accordingly, these e-mails violate 15 U.S.C. § 7704(a)(1).

**ANSWER:   To the extent a response is required, Blooms Today denies the allegations of paragraph 45 for lack of knowledge or information sufficient to form a belief as to the truth or falsity thereof.**

46.     The aforementioned accounts for 30,689 violations of 15 U.S.C. § 7704(a)(1).

**ANSWER:   To the extent a response is required, Blooms Today denies the allegations of paragraph 46 for lack of knowledge or information sufficient to form a belief as to the truth or falsity thereof.**

47.     Pursuant to 15 U.S.C. § 7706(g)(3), XMission prays for relief in the amount of $100 per violation of 15 U.S.C § 7704(a)(1).

**ANSWER:   To the extent a response is required, Blooms Today admits that XMission is seeking damages in the amount of $100 per alleged violation, but denies that XMission is entitled to such damages and otherwise denies the remaining allegations of paragraph 47.**

### COUNT 2 - CAN-SPAM ACT. 15 U.S.C. § 7704(A)(1)(A)

48.     Each of the previous paragraphs is realleged herein.

**ANSWER:   To the extent a response is required, Blooms Today incorporates by reference its responses to the preceding allegations as if fully set forth therein.**

49.     The CAN-SPAM Act makes it unlawful to send e-mail messages that contain, or are accompanied by, materially false or materially misleading Header Information. 15 U.S.C. § 7704(a)(1).

4822-9201-3096.v2

**ANSWER: To the extent a response is required, Blooms Today admits that paragraph 49 restates portions of 15 U.S.C. §7704(a)(1), and otherwise denies the remaining allegations of paragraph 49.**

50.     "Header information that is technically accurate but includes an originating electronic mail address, domain name, or Internet Protocol address the access to which for purposes of initiating the message Was obtained by means of false or fraudulent pretenses or representations shall be considered materially misleading." 15 U.S.C. § 7704(a)(1)(A).

**ANSWER: To the extent a response is required, Blooms Today admits that paragraph 63 restates portions of 15 U.S.C. §7704(a)(1), and otherwise denies the remaining allegations of paragraph 63.**

51.     The registration and use of a domain is a representation that the registrar will comply with applicable terms of service of the domain registrar.

**ANSWER: To the extent a response is required, Blooms Today denies the allegations and legal conclusions of paragraph 51.**

52.     An e-mail violates Section 7704(a)(1)(A) where the domain used to send the e-mail was registered (i.e. obtained) or used for a purpose that violates the domain registrar's terms of service.

**ANSWER: To the extent a response is required, Blooms Today denies the allegations and legal conclusions of paragraph 52.**

53.     An e-mail sent from such a domain violates the law regardless of whether the e-mail contains a header that is technically accurate.

4822-9201-3096.v2

**ANSWER: To the extent a response is required, Blooms Today denies the allegations and legal conclusions of paragraph 53.**

54. Approximately 65,741 of the e-mails in question originated from sender domains registered or used for purposes that violate the corresponding registrar's terms of service, despite the fact that the registration and use of the domain was a representation that such would be consistent with the terms of service.

**ANSWER: To the extent a response is required, Blooms Today denies the allegations of paragraph 54 for lack of knowledge or information sufficient to form a belief as to the truth or falsity thereof.**

55. Each of the 65,741 e-mails identified above violates § 7704(a)(1)(A) as set forth herein.

**ANSWER: To the extent a response is required, Blooms Today denies the allegations of paragraph 55 for lack of knowledge or information sufficient to form a belief as to the truth or falsity thereof.**

56. Pursuant to 15 U.S.C. § 7706(g)(3), XMission prays for relief in the amount of $100 per violation of 15 U.S.C § 7704(a)(1)(A).

**ANSWER: To the extent a response is required, Blooms Today admits that XMission is seeking damages in the amount of $100 per alleged violation, but denies that XMission is entitled to such damages and otherwise denies the remaining allegations of paragraph 56.**

## COUNT 3 - CAN-SPAM ACT. 15 U.S.C. § 7704(A)(2)

57. Each of the previous paragraphs is realleged herein.

4822-9201-3096.v2

**ANSWER: Blooms Today incorporates by reference its responses to the preceding allegations as if fully set forth therein.**

58.     It is a violation of the CAN-SPAM Act to send a commercial e-mail message that contains a subject heading likely to mislead the recipient about a material fact regarding the contents of the e-mail message or which would induce a recipient to view the message under false pretenses.

**ANSWER:  To the extent a response is required, Blooms Today denies the allegations and legal conclusions of paragraph 58.**

59.     The use of scare tactics or other inducement language, or language that creates the appearance of an existing relationship between the parties, where no such relationship exists (e.g., first name, RE:., Fwd.), may subject a Sender and Initiator to liability if such is misleading or false.

**ANSWER:  To the extent a response is required, Blooms Today denies the allegations and legal conclusions of paragraph 59.**

60.     Here, 14,868 e-mails contain subject headings that contain false or misleading inducement language, falsely created the appearance of an existing relationship, or otherwise likely to mislead the recipient about a material fact regarding the e-mail.

**ANSWER:  To the extent a response is required, Blooms Today denies the allegations of paragraph 60 for lack of knowledge or information sufficient to form a belief as to the truth or falsity thereof.**

61.     Pursuant to 15 U.S.C. § 7706(g)(3), XMission prays for relief in the amount of $25 per violation of 15 U.S.C § 7704(a)(2).

4822-9201-3096.v2

**ANSWER: To the extent a response is required, Blooms Today admits that XMission is seeking damages in the amount of $25 per alleged violation, but denies that XMission is entitled to such damages and otherwise denies the remaining allegations of paragraph 61.**

**COUNTS AGAINST FLOWERS TODAY. INC.**

COUNT 1 - CAN-SPAM ACT. 15 U.S.C. § 7704(A)(1)

62.     Each of the previous paragraphs is realleged herein.

**ANSWER: Blooms Today incorporates by reference its responses to the preceding allegations as if fully set forth therein.**

63.     The CAN-SPAM Act makes it unlawful to send e-mail messages that contain, or are accompanied by, materially false or materially misleading Header Information. 15 U.S.C. § 7704(a)(1).

**ANSWER: Blooms Today admits that paragraph 63 restates portions of 15 U.S.C. §7704(a)(1), and otherwise denies the remaining allegations of paragraph 63.**

64.     Header information is materially false or materially misleading under Section 7704(a)(1) where it contains a generic "from" name and the e-mail is sent from a privacy-protected domain name, such that the recipient cannot identify the sender from the "from" name or the publicly available WHOIS information.

**ANSWER: Blooms Today denies the allegations and legal conclusions of paragraph 64.**

65.     Here, 54 Blooms e-mails contained a generic "from" name and originated from a privacy-protected domain. Accordingly, these e-mails violate 15 U.S.C. § 7704(a)(1).

17

**ANSWER: Blooms Today denies the allegations and legal conclusions of paragraph 65.**

66.     Header information is materially false or materially misleading under Section 7704(a)(1) where it includes an inaccurate transmission IP address. In other words, the transmitting party represented that the e-mail was being sent from a specific domain, when in fact, the IP address used to actually transmit the e-mail does not match the represented sender domain or does not resolve to any actual domain. Under these circumstances, the header information is false on its face because it contains false transmission information.

**ANSWER: Blooms Today denies the allegations and legal conclusions of paragraph 66.**

67.     Here, 825 Blooms e-mails contained e-mail headers with IP addresses that were false in that they did not match the identified sender domains or did not resolve to any legitimate domain. Accordingly, these e-mails violate 15 U.S.C. § 7704(a)(1).

**ANSWER: Blooms Today denies the allegations and legal conclusions of paragraph 67.**

68.     The aforementioned accounts for 879 violations of 15 U.S.C. § 7704(a)(1).

**ANSWER: Blooms Today denies the allegations and legal conclusions of paragraph 68.**

69.     Pursuant to 15 U.S.C. § 7706(g)(3), XMission prays for relief in the amount of $100 per violation of 15 U.S.C § 7704(a)(1).

4822-9201-3096.v2

**ANSWER: Blooms Today admits that XMission is seeking damages in the amount of $100 per alleged violation, for a total of $87,900 in damages, but denies that XMission is entitled to such damages and otherwise denies the remaining allegations of paragraph 69.**

<u>COUNT 2 - CAN-SPAM ACT. 15 U.S.C. § 7704(A)M(A)</u>

70.     Each of the previous paragraphs is realleged herein.

**ANSWER: Blooms Today incorporates by reference its responses to the preceding allegations as if fully set forth therein.**

71.     The CAN-SPAM Act makes it unlawful to send e-mail messages that contain, or are accompanied by, materially false or materially misleading Header Information. 15 U.S.C. § 7704(a)(1).

**ANSWER: Blooms Today admits that paragraph 71 restates portions of 15 U.S.C. §7704(a)(1), and otherwise denies the remaining allegations of paragraph 71.**

72.     "Header information that is technically accurate but includes an originating electronic mail address, domain name, or Internet Protocol address the access to which for purposes of initiating the message was obtained by means of false or fraudulent pretenses or representations shall be considered materially misleading." 15 U.S.C. § 7704(a)(1)(A).

**ANSWER: Blooms Today admits that paragraph 72 restates portions of 15 U.S.C. §7704(a)(1), and otherwise denies the remaining allegations of paragraph 72.**

73.     The registration and use of a domain is a representation that the registrar will comply with applicable terms of service of the domain registrar.

**ANSWER: Blooms Today denies the allegations and legal conclusions of paragraph 73.**

4822-9201-3096.v2

74.    An e-mail violates Section 7704(a)(1)(A) where the domain used to send the e-mail was registered (i.e. obtained) or used for a purpose that violates the domain registrar's terms of service.

**ANSWER:  Blooms Today denies the allegations and legal conclusions of paragraph 74.**

75.    An e-mail sent from such a domain violates the law regardless of whether the e-mail contains a header that is technically accurate.

**ANSWER:  Blooms Today denies the allegations and legal conclusions of paragraph 75.**

76.    Approximately 20,437 of the e-mails in question originated from sender domains registered or used for purposes that violate the corresponding registrar's terms of service, despite the fact that the registration and use of the domain was a representation that such would be consistent with the terms of service.

**ANSWER:  Blooms Today denies the allegations and legal conclusions of paragraph 76.**

77.    Each of the 20,437 e-mails identified above violates § 7704(a)(1)(A) as set forth herein.

**ANSWER:  Blooms Today denies the allegations and legal conclusions of paragraph 77.**

78.    Pursuant to 15 U.S.C. § 7706(g)(3), XMission prays for relief in the amount of $100 per violation of 15 U.S.C § 7704(a)(1)(A).

4822-9201-3096.v2

**ANSWER:  Blooms Today admits that XMission is seeking damages in the amount of $100 per alleged violation, for a total of $2,043,700 in damages, but denies that XMission is entitled to such damages and otherwise denies the remaining allegations of paragraph 78.**

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

The claims of Plaintiff are barred in whole or in part because the allegations supporting the causes of action fail to state a claim upon which relief may be granted because, among other reasons, Blooms Today did not send, initiate or procure any of the emails described in the complaint.

### SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims may be barred in whole or in part by the equitable doctrines of waiver, laches, estoppel, release, ratification, or assumption of risk because, among other reasons, Plaintiff failed to take reasonable steps to block spam emails and failed to create an appropriate mechanism for the identification of spam emails by its customers which may result in over designation of spam emails by its customers.

### THIRD AFFIRMATIVE DEFENSE

Plaintiff's claims may be barred because Plaintiff failed to mitigate its damages and/or has not incurred any economic damages due to the email messages at issue in this complaint because, among other reasons, Plaintiff failed to ask Blooms Today to take any steps to avoid sending email messages to Plaintiff's servers prior to filing this lawsuit.

4822-9201-3096.v2

## FOURTH AFFIRMATIVE DEFENSE

Plaintiff's claims may be barred to the extent that any harm it may have suffered was caused by its own conduct or by the conduct of one or more third parties.

## FIFTH AFFIRMATIVE DEFENSE

Plaintiff's claims may be barred because Plaintiff's customers failed to unsubscribe utilizing unsubscribe links in the emails received, or by other means reasonably calculated to communicate to Defendants an intent to unsubscribe.

## SIXTH AFFIRMATIVE DEFENSE

Plaintiff's claims may be barred because Blooms Today established and implemented commercially reasonable practices and procedures designed to effectively prevent the violations alleged in the Complaint.

## SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims may be barred by its failure to join necessary and indispensable parties including, for example, any persons or entities that registered the domain names purportedly used to send the emails at issue.

## EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's claims may be barred in whole or in part because some of Plaintiff's customers may have subscribed to receive commercial emails on which Plaintiff bases its complaint.

## NINTH AFFIRMATIVE DEFENSE

Plaintiff's claims may be barred in whole or in part due to Plaintiff's own unclean hands.

## TENTH AFFIRMATIVE DEFENSE

4822-9201-3096.v2

Blooms Today is presently without knowledge or information sufficient to form a belief as to whether it has additional, yet unasserted, affirmative defenses. Blooms Today therefore reserves the right to assert additional affirmative defenses if it acquires knowledge or information supporting such defenses.

WHEREFORE, Blooms Today prays that Plaintiffs' Complaint and each and every cause of action alleged therein be dismissed with prejudice, that Blooms Today be awarded its costs and attorneys' fees incurred herein, and that the Court award such other and further relief as it deems just.

Blooms Today demands a trial by jury on all issues so triable.

DATED September 28, 2015.

/s/ Juliette P. White
Juliette P. White
Ruth Hackford-Peer
PARSONS BEHLE & LATIMER

*Attorneys for Flowers Today, Inc. dba Blooms Today*

4822-9201-3096.v2

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 28th day of September, 2015, I caused a true and correct copy of the foregoing **ANSWER** to be filed using the court's CM/ECF system, which sent notice to all counsel of record.

/s/ Juliette P. White

4822-9201-3096.v2