Stephen M. Sansom (10678)
HOLLAND & HART, LLP
222 South Main Street, Suite 2200
Salt Lake City, UT 84101
Telephone: 801-799-5897
smsansom@hollandhart.com

*Attorneys for Defendant, Flex Marketing Group, LLC*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| XMISSION, L.C., a Utah company,<br><br>Plaintiff,<br><br>vs.<br><br>FLEX MARKETING GROUP, LLC, a New York limited liability company; FLOWERS TODAY, INC. (DBA BLOOMS TODAY), a Virginia corporation; DOES 1-40,<br><br>Defendants. | **ANSWER**<br><br>Case No. 2:15-cv-00590 JNP<br><br>Judge Jill N. Parrish<br>Magistrate Judge Paul M. Warner |

Defendant FLEX MARKETING GROUP, LLC ("Defendant" or "Flex") by and through its attorney, Stephen M. Sansom of Holland & Hart LLP, as and for its answer to the complaint (the "Complaint") of XMission, L.C. ("Plaintiff"), alleges as follows:

1. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 1 of the Complaint.

2. Admits the allegations contained in paragraph 2 of the Complaint.

3. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 3 of the Complaint.

4. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 4 of the Complaint.

5. In response to paragraph 5 of the Complaint, respectfully refers this Court to the statutes cited therein for their content and meaning.

6. The allegations in Paragraph 6 are legal conclusions for which no response is required. To the extent that a response is required, Defendant denies the same.

7. The allegations in Paragraph 7 are legal conclusions for which no response is required. To the extent that a response is required, Defendant denies the same.

8. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 8 of the Complaint.

9. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 9 of the Complaint.

10. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 10 of the Complaint.

11. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 11 of the Complaint.

12. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 12 of the Complaint.

13. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 13 of the Complaint.

14. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 14 of the Complaint.

15. The allegations in Paragraph 15 are legal conclusions for which no response is required. To the extent that a response is required, Defendant denies the same.

16. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 16 of the Complaint.

17. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 17 of the Complaint.

18. The allegations in Paragraph 18 are legal conclusions for which no response is required. To the extent that a response is required, Defendant denies the same.

19. Denies each and every factual allegation in paragraph 19 of the Complaint.

20. Denies each and every factual allegation in paragraph 20 of the Complaint.

21. Denies each and every factual allegation in paragraph 21 of the Complaint.

22. Denies each and every factual allegation in paragraph 22 of the Complaint.

23. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 23 of the Complaint.

24. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 24 of the Complaint.

25. Denies each and every allegation contained in paragraph 25 of the Complaint.

26. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 26 of the Complaint.

27. Denies each and every allegation contained in paragraph 27 of the Complaint.

28. Denies each and every allegation contained in paragraph 28 of the Complaint.

29. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 29 of the Complaint.

30. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 30 of the Complaint.

31. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 31 of the Complaint.

32. Denies each and every allegation contained in paragraph 32 of the Complaint.

33. Denies each and every allegation contained in paragraph 33 of the Complaint.

34. Denies each and every allegation contained in paragraph 34 of the Complaint.

35. Denies each and every allegation contained in paragraph 35 of the Complaint.

## AS TO COUNT 1

36. In response to paragraph 36 of the Complaint, repeats and realleges each and every response to paragraphs 1 through 35 of the Complaint with the same force and effect as if set forth at length herein.

37. In response to paragraph 37 of the Complaint, respectfully refers this Court to the statute referred therein for its content and meaning.

38. The allegations in Paragraph 38 are legal conclusions for which no response is required. To the extent that a response is required, Defendant denies the same.

39. Denies each and every allegation contained in paragraph 39 of the Complaint.

40.     The allegations in Paragraph 40 are legal conclusions for which no response is required. To the extent that a response is required, Defendant denies the same.

41.     Denies each and every allegation contained in paragraph 41 of the Complaint.

42.     The allegations in Paragraph 42 are legal conclusions for which no response is required. To the extent that a response is required, Defendant denies the same.

43.     Denies each and every allegation contained in paragraph 43 of the Complaint.

44.     The allegations in Paragraph 44 are legal conclusions for which no response is required. To the extent that a response is required, Defendant denies the same.

45.     Denies each and every allegation contained in paragraph 45 of the Complaint.

46.     Denies each and every allegation contained in paragraph 46 of the Complaint.

47.     Denies each and every allegation contained in paragraph 47 of the Complaint.

## AS TO COUNT 2

48. In response to paragraph 48 of the Complaint, repeats and realleges each and every response to paragraphs 1 through 47 of the Complaint with the same force and effect as if set forth at length herein.

49. In response to paragraph 49 of the Complaint, respectfully refers this Court to the statute referred therein for its content and meaning.

50. In response to paragraph 50 of the Complaint, respectfully refers this Court to the statute referred therein for its content and meaning.

51. The allegations in Paragraph 51 are legal conclusions for which no response is required. To the extent that a response is required, Defendant denies the same.

52. The allegations in Paragraph 52 are legal conclusions for which no response is required. To the extent that a response is required, Defendant denies the same.

53. The allegations in Paragraph 53 are legal conclusions for which no response is required. To the extent that a response is required, Defendant denies the same.

54. Denies each and every allegation contained in paragraph 54 of the Complaint.

55. Denies each and every allegation contained in paragraph 55 of the Complaint.

56. Denies each and every allegation contained in paragraph 56 of the Complaint.

## AS TO COUNT 3

57. In response to paragraph 57 of the Complaint, repeats and realleges each and every response to paragraphs 1 through 56 of the Complaint with the same force and effect as if set forth at length herein.

58. The allegations in Paragraph 58 are legal conclusions for which no response is required. To the extent that a response is required, Defendant denies the same.

59. The allegations in Paragraph 59 are legal conclusions for which no response is required. To the extent that a response is required, Defendant denies the same.

60. Denies each and every allegation contained in paragraph 60 of the Complaint.

61. Denies each and every allegation contained in paragraph 61 of the Complaint.

## AS TO COUNT 1 AGAINST FLOWERS TODAY, INC.

62. To the extent a response is required, in response to paragraph 62 of the Complaint, repeats and realleges each and every response to paragraphs 1 through 61 of the Complaint with the same force and effect as if set forth at length herein.

63. To the extent a response is required, in response to paragraph 63 of the Complaint, respectfully refers this Court to the statute referred therein for its content and meaning.

64. To the extent a response is required, the allegations in Paragraph 64 are legal conclusions for which no response is required. To the extent that a response is required, Defendant denies the same.

65. To the extent a response is required, denies each and every allegation contained in Paragraph 65 of the Complaint.

66. To the extent a response is required, the allegations in Paragraph 66 are legal conclusions for which no response is required. To the extent that a response is required, Defendant denies the same.

67. To the extent a response is required, denies each and every allegation contain in Paragraph 67 of the Complaint.

68. To the extent a response is required, denies each and every allegation contained in Paragraph 68 of the Complaint.

69. To the extent a response is required, denies each and every allegation contained in Paragraph 69 of the Complaint.

**AS TO COUNT 2 AGAINST FLOWERS TODAY, INC.**

70. To the extent a response is required, in response to paragraph 1 of Count 2 against Flowers Today, Inc. of the Complaint, repeats and realleges each and every

response to paragraphs 1 through 69 of the Complaint with the same force and effect as if set forth at length herein.

71. To the extent a response is required to paragraph 2 of Count 2 against Flowers Today Inc. of the Complaint, respectfully refers this Court to the statute referred therein for its content and meaning.

72. To the extent a response is required to paragraph 3 of Count 2 against Flowers Today Inc. of the Complaint, respectfully refers this Court to the statute referred therein for its content and meaning.

73. To the extent a response is required to paragraph 4 of Count 2 against Flowers Today Inc. of the Complaint, the allegations in said paragraph are legal conclusions for which no response is required. To the extent that a response is required, Defendant denies the same.

74. To the extent a response is required to paragraph 5 of Count 2 against Flowers Today Inc. of the Complaint, the allegations in said paragraph are legal conclusions for which no response is required. To the extent that a response is required, Defendant denies the same.

75. To the extent a response is required to paragraph 6 of Count 2 against Flowers Today Inc. of the Complaint, the allegations in said paragraph are legal conclusions for which no response is required. To the extent that a response is required, Defendant denies the same.

76. To the extent a response is required to paragraph 7 of Count 2 against Flowers Today Inc. of the Complaint, denies each and every allegation contained therein.

77. To the extent a response is required to paragraph 8 of Count 2 against Flowers Today Inc. of the Complaint, denies each and every allegation contained therein.

78. To the extent a response is required to paragraph 9 of Count 2 against Flowers Today Inc. of the Complaint, denies each and every allegation contained therein.

Answering the "REQUEST FOR RELIEF", including subparts, Defendant denies each and every allegation contained therein and specifically denies that Plaintiff is entitled to any relief.

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE

79. The Complaint fails to state a cause of action against Defendant upon which relief may be granted.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE

80. Plaintiff has released part or all of its claims against Defendant pursuant to that certain Confidential Settlement Agreement, Release and General Waiver entered into between Plaintiff and Scalable Commerce, LLC d/b/a Kids Live Safe.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE

81. Plaintiff is prohibited by the CAN-SPAM Act from recovering for multiple violations alleged against the same, single email.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

82. Plaintiff fails to state a cause of action against Defendant upon which relief may be granted because the identity of the sender of each and every allegedly prohibited email can be readily ascertained from the body of each and every allegedly prohibited email.

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

83. Plaintiff's claims are barred, in whole or in part, due to a lack of standing to assert such claims.

### AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

84. Plaintiff's claims are barred, in whole or in part, because each and every domain name used to send the subject emails were registered by non-party publishers, not Defendant.

### AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

85. Plaintiff's claims are barred, in whole or in part, because Plaintiff's customers failed to unsubscribe utilizing unsubscribe links in the emails received, or by other means reasonably calculated to communicate to Defendant an intent to unsubscribe.

### AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

86. Plaintiff's claims are barred, in whole or in part, because Defendant established and implemented commercially reasonable practices and procedures designed to effectively prevent the violations alleged in the Complaint.

### AS AND FOR A NINTH AFFIRMATIVE DEFENSE

87. Plaintiff's claims are barred, in whole or in part, because some of Plaintiff's customers may have subscribed to receive the subject commercial emails on which Plaintiff bases its Complaint.

### AS AND FOR A TENTH AFFIRMATIVE DEFENSE

88. Plaintiff's claims are barred, in whole or in part, by its failure to join necessary and indispensable parties.

### AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE

89. Plaintiff's claims are barred, in whole or in part, by the statute of limitations.

### AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE

90. Plaintiff's claims are barred, in whole or in part, by the equitable doctrines of waiver, laches, estoppel, release, ratification, or assumption of risk because, among other reasons, Plaintiff failed to take reasonable steps to block spam emails and failed to create an appropriate mechanism for the identification of spam emails by its customers which may result in over designation of spam emails by its customers.

## AS AND FOR A THIRTEENTH AFFIRMATIVE DEFENSE

91. Plaintiff's claims are barred, in whole or in part, because Plaintiff failed to mitigate its damages and/or has not incurred any economic damage due to the email messages at issue in the Complaint because, among other reasons, Plaintiff failed to ask Defendant to take any steps to avoid sending email messages to Plaintiff's servers prior to filing the Complaint.

## AS AND FOR A FOURTEENTH AFFIRMATIVE DEFENSE

92. Defendant is presently without knowledge or information sufficient to form a belief as to whether it has additional, yet unasserted, affirmative defenses. Defendant therefore reserves its right to assert additional affirmative defenses if it acquires knowledge or information supporting such defenses.

**WHEREFORE**, Defendant demands judgment against Plaintiff as follows:

(a) Denying all relief sought by Plaintiff and dismissing the Complaint in its entirety, with prejudice;

(b) Awarding Defendant its attorneys' fees and costs incurred herein to the maximum extent allowed by law; and

(c) Granting Defendant such other and further relief as this Court deems just and proper.

DATED this 20th day of November, 2015.

                                HOLLAND & HART LLP

                                /s/ Stephen M. Sansom
                                *Attorneys for Defendant Flex Marketing Group, LLC*

# CERTIFICATE OF SERVICE

I hereby certify that on the 20th day of November, 2015, I electronically filed the foregoing with the Clerk of Court by using the electronic filing system, which sent notification of such filing to the following counsel of record:

| | | |
|---|---|---|
| ☐ | U.S. Mail, postage prepaid | Evan A. Schmutz |
| ☐ | Hand Delivery | Jordan K. Cameron |
| ☐ | Facsimile | DURHAM JONES & PINEGAR, P.C. |
| ☐ | Overnight courier | 3301 N. Thanksgiving Way, Suite 400 |
| ☒ | E-mail and/or Electronic Filing | Lehi, Utah 84043 |
| | | *Attorneys for Plaintiff* |

/s/ Patricia L. Gray

8253267_1