Juliette P. White, UT #9616
Ruth Hackford-Peer, UT #15049
**PARSONS BEHLE & LATIMER**
201 South Main Street, Suite 1800
Salt Lake City, Utah 84111
Telephone: 801.532.1234
Facsimile: 801.536.6111
JWhite@parsonsbehle.com
RHackford-Peer@parsonsbehle.com
ecf@parsonsbehle.com

*Attorneys for Flowers Today, Inc. dba Blooms Today*

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| XMISSION, L.C., a Utah limited liability company,<br><br>Plaintiff,<br><br>vs.<br><br>FLEX MARKETING GROUP, LLC, a New York limited liability company; FLOWERS TODAY, INC. (DBA BLOOMS TODAY), a Virginia corporation; DOES 1-40,<br><br>Defendants. | **SURREPLY IN OPPOSITION TO MOTION TO STRIKE COUNTERCLAIM, OR IN THE ALTERNATIVE, TO DESIGNATE THE COUNTERCLAIM AS AN AFFIRMATIVE DEFENSE**<br><br>Case No. 2:15cv00590 JNP<br><br>Judge Jill N. Parrish<br><br>Magistrate Judge Paul Warner |

Defendant Flowers Today, Inc. DBA Blooms Today, ("Blooms Today") respectfully submits this Surreply in Opposition to Plaintiff XMission, L.C.'s Motion to Strike Counterclaim.

In its Reply in support of its Motion to Strike, XMission raises a new argument that is not proper rebuttal to Blooms Today's Opposition to the Motion to Strike. As a preliminary matter, this Court should disregard XMission's new argument because it is not allowed under local rule or Tenth Circuit precedent. Moreover, this Court should also disregard XMission's new

argument because it is contrary to the plain language and purpose of the federal Declaratory Judgment Act, and would contravene decades of declaratory judgment jurisprudence.

This Surreply is limited solely to responding to XMission's new argument, in the narrow form in which it is presented in the Reply. Should XMission seek to further expand its new argument into the equivalent of a Rule 12(b)(1) challenge, Blooms Today may request an opportunity to present further briefing or argument on the issue.

## I. XMISSION'S NEW STANDING ARGUMENT SHOULD BE DISREGARDED.

XMission argues for the first time in its Reply that Blooms Today is precluded from seeking relief under the Declaratory Judgment Act because it does not have standing to bring a claim under the CAN-SPAM Act. Reply pp. 7-8. XMission's new argument is improper rebuttal that should be disregarded pursuant to DUCivR 7-1(b)(2)(B) ("Reply memoranda in support of any motion … must be limited to rebuttal of matters raised in the memorandum opposing the motion. Courts should not consider arguments raised for the first time in a reply memorandum because the opposing party has not been afforded an opportunity to respond on the merits. *Westport Ins. v. Ray Quinney & Nebeker*, 2009 WL 2474005, *14 n.8 (D. Utah Aug. 7, 2009); *see also Stump v. Gates*, 211 F.3d 527, 533 (10th Cir. 2000) (stating that courts do not consider issues raised for the first time in a reply brief because it robs the opposing party "of the opportunity to demonstrate that the record does not support [a] factual assertion and to present an analysis of the pertinent legal precedent that may compel a contrary result"); *West Coast Life Ins. Co. v. Hoar*, 558 F.3d 1151, 1156-57 (10th Cir. 2009) (granting motion to strike evidence submitted for the first time in a reply brief).

4818-4055-9915.v1

XMission raised only two arguments in its original Motion to Strike: first, that Blooms Today's Counterclaim was redundant and unnecessary (*see* Mot. pp. 3-6); and second, that Blooms Today's Counterclaim should, alternatively, be re-designated an affirmative defense (*see* Mot. pp. 6-7). Blooms Today's Opposition, in turn, is limited solely to the two arguments originally raised by XMission. First, Blooms Today rebuts the argument that its Counterclaim is a mirror image and explains why it is entitled to declaratory relief. *See* Opp. pp. 4-8. Second, Blooms Today rebuts the argument that its Counterclaim should be re-designated an affirmative defense. *See* Opp. pp. 8-9.

Nowhere in either XMission's original Motion or Blooms Today's Opposition does either party question whether Blooms Today has standing to bring an action for relief under the Federal Declaratory Judgment Act—an argument Blooms Today contends is without legal support. XMission violated one of the fundamental principles of civil motion practice when it raised this new argument for the first time in its Reply. Accordingly, this Court should disregard XMission's new argument regarding Blooms Today's standing to seek declaratory relief.

II. **ALTERNATIVELY, BLOOMS TODAY HAS STANDING TO BRING A DECLARATORY JUDGMENT ACTION EVEN THOUGH IT DOES NOT HAVE A DIRECT CAUSE OF ACTION UNDER THE CAN-SPAM ACT.**

In the alternative, if this Court should decide to entertain XMission's new argument, the standing argument still fails because it ignores the plain language and long-established purpose of the Declaratory Judgment Act. 28 U.S.C. §§2201-2202 (the "Act"). Section 2201 of the Act, titled "Creation of remedy," states in relevant part as follows:

> In a case of actual controversy within its jurisdiction, . . . any court of the United States, . . . may declare the rights and other legal relations of any interested party seeking such declaration, ***whether or not further relief is or could be sought***.

4818-4055-9915.v1

28 U.S.C. §2201 (emphasis added); *see also* Advisory Committee Note to 1937 Adoption to Fed. R. Civ. P. 57 ("declaratory relief is alternative or cumulative and not exclusive or extraordinary," and "the fact that another remedy would be equally effective affords no ground for declining declaratory relief"). The Act is an example of "legislation that expand[s] standing to constitutional limits and provide[s] a way for plaintiffs to bring actions in federal court when they might otherwise be barred." *Teva Pharm. USA, Inc. v. Novartis Pharm. Corp.*, 482 F.3d 1330, 1338 (Fed. Cir. 2007). Under the Act, the only requirement is an "actual controversy," "which is the same as an Article III case or controversy." *Id.*[1] Simply stated, the Act provides an independent remedy—in the form of a judicial declaration—for any interested party facing an "actual controversy," regardless of whether they otherwise have an independent cause of action.

There is nothing in the language or purpose of the Act that precludes an interested party from seeking declaratory relief just because that party may not have a conventional cause of action under the applicable federal statute. Nor does XMission cite any authority for this proposition. To the contrary, there are a multitude of situations where an interested party may bring a declaratory judgment action even though they do not have an independent cause of action. For example, an accused infringer of a patent may bring an action for declaratory relief, pursuant to the Act, seeking a declaration by the court that the patent is invalid and therefore unenforceable—even though that accused infringer has no separate cause of action under U.S. patent laws. *Id*. Yet under XMission's proposed construction of the Declaratory Judgment Act

---

[1] Although not acknowledged or analyzed by XMission in its Reply, the three essential elements of standing are (1) "injury in fact" that is "concrete and particularized" and "actual or imminent;" (2) "a causal connection between the injury and the conduct complained of;" and (3) it must be "likely . . . that the injury will be redressed by a favorable decision." *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992). Because XMission did not argue or analyze any of these elements Blooms Today will not address them herein, but reserves the right to do so if warranted.

4
4818-4055-9915.v1

and its jurisprudence, no accused infringer of a patent has standing anymore to seek a declaration regarding the validity of that intellectual property; nor does an insurer have standing anymore to seek a declaration as to whether they are liable for certain claims under an insurance policy; nor does any citizen have standing anymore to seek a declaration regarding the construction of a statute that a government entity is threatening to enforce against them. *See, e.g.*, 12 Moore's Federal Practice 3d, §§ 57.81-57.85 (Matthew Bender 3d Ed.).

Indeed, at least one other court has concluded that lack of standing under the CAN-SPAM Act does not prohibit a party from seeking a declaration of their rights under that law. *Davison Design v. Riley*, Case No. C 11-2970, 2011 WL 5573901, *2 (N.D. Cal., Nov. 15, 2011). In *Davidson Design*, an individual had sent letters to various advertising companies demanding damages for alleged violations of the CAN-SPAM Act. The companies filed a declaratory judgment action seeking a declaration that, inter alia, the emails in question did not violate the CAN-SPAM Act. The individual moved to dismiss, arguing that there was no federal question jurisdiction because the companies did not have standing to bring a lawsuit under the CAN-SPAM Act. The Court, relying on *Medimmune, Inc. v. Genentech, Inc.*, 549 U.S. 118 (2007), disagreed and denied the motion to dismiss. *Davison Design*, 2011 WL 5573901 at *2.

So too should this Court rule that Blooms Today's lack of standing under the CAN-SPAM Act to bring an action in its own right does not preclude Blooms Today from seeking a declaration from this Court that, despite XMission's accusations of wrongdoing, Blooms Today is not liable for alleged violations of the CAN-SPAM Act because it did not procure any of the emails—particularly with respect to alleged emails that are not at issue in XMission's Complaint or that may not be adjudicated in XMission's case in chief.


5
4818-4055-9915.v1

DATED January 13, 2016.

/s/ Ruth Hackford-Peer
Juliette P. White
Ruth Hackford-Peer
PARSONS BEHLE & LATIMER

*Attorneys for Flowers Today, Inc. dba Blooms Today*

4818-4055-9915.v1

**CERTIFICATE OF SERVICE**

I hereby certify that on January 13, 2016, I caused a true and correct copy of the foregoing **SURREPLY IN OPPOSITION TO MOTION TO STRIKE COUNTERCLAIM, OR IN THE ALTERNATIVE, TO DESIGNATE THE COUNTERCLAIM AS AN AFFIRMATIVE DEFENSE** to be filed using the court's CM/ECF system, which sent notice to all counsel of record.

/s/ Ruth Hackford-Peer

7

4818-4055-9915.v1